UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

RODERICK D. LEE,

                    Plaintiff,

vs.                                Case No.  2:06-cv-541-FtM-29SPC

TIMOTHY J. BUDZ; LUCI D. HADI,

                    Defendants.
_____

## OPINION AND ORDER

     This matter comes before the Court upon initial review of the file.  Plaintiff is involuntarily confined at the Florida Civil Commitment Center ("FCCC") as a "probable cause" sexual violent predator pursuant to Fla. Stat. §394.910, et. seq., known as the Jimmy Ryce Act.  Plaintiff, proceeding *pro se*, filed a four page complaint "seeking class certification and injunctive and declaratory judgment" against Defendants Timothy Budz, the Facility Administrator at the FCCC, and Luci Hadi, the Secretary of the Department of Children and Families (Doc. #1).  As set forth in the "Introduction" of the complaint,  "certain conditions" at the FCCC violate residents' constitutional rights.  In particular, the complaint complains that the following conditions at the FCCC violate the Constitution: 1) the use of restraints while transporting residents; 2) the absence of a "certified grievance procedure" and adequate communication form; 3) "arbitrary" disciplinary and segregation policies; and 4) "staff attire" due to its "punitiveness" appearance.  Complaint, pages 1-2.

In the section entitled "Statement of the Case and Facts" Plaintiff complains of "massive swelling of his stomach" for which he claims he has been denied medical treatment by the "FCCC medical Department." Id. at p. 3.  Plaintiff states that Dr. Lamour, from the Geo Group, advised him that "his condition was caused by a hiatel hernia" and prescribed Plaintiff certain medications to reduce the swelling.  According to Plaintiff, his condition has not improved. Id. at p. 4.   As relief, Plaintiff seeks "both declaratory and injunctive relief for his pending medial condition condition." Complaint, p. 4.   Specifically, Plaintiff requests that the Court direct "The Geo Services Group, Inc. medical staff to send [plaintiff] to a specialist or hospital . . . to correct his malady." Id.  Plaintiff does not identify The Geo Services Group, Inc., nor any other individual in the medical department, as a defendant in this action.

**I.**

Plaintiff seeks to proceed in this action *in forma pauperis* (Doc. #2).  Thus, despite Plaintiff's non-prisoner status[1], the Court is required to review Plaintiff's *pro se* complaint to determine whether the complaint is frivolous, malicious or fails to

---

[1]The Court recognizes that certain portions of the Prison Litigation Reform Act are not applicable to Plaintiff as a civil detainee. Troville v. Venz, 303 F.3d 1256 (11th Cir. 2002). Nonetheless, 28 U.S.C. Section 1915(e)(2)(B) is not limited to prisoners but applies to all persons proceeding *informa pauperis*. See Calhoun v. Stahl, 254 F.3d 845 (9th Cir. 2001).

state a claim.  See 28 U.S.C. § 1915(e)(2)(B)(I)-(iii).  In essence, §1915(e)(2) is a screening process, to be applied sua sponte and at any time during the proceedings.  See 28 U.S.C. §1915(e)(2).  The Court, nonetheless, must read Plaintiff's pro se allegations in a liberal fashion.  Haines v. Kerner, 404 U.S. 519 (1972) reh'g denied 405 U.S. 948 (1972); see also Miller v. Stanmore, 636 F.2d 986, 988 (5th Cir. 1981).

A complaint filed in forma pauperis which fails to state a claim under Fed. R. Civ. P. 12(b)(6) is not automatically frivolous.  Neitzke v. Williams, 490 U.S. 319, 328 (1989).  Rather, the test for granting a § 1915 dismissal is whether the claim lacks arguable merit either in law or fact.  Neitzke v. Williams, 490 U.S. 319, 325 (1989); see also Mitchell v. Brown & Williamson Tobacco Corp., 294 F.3d 1309 (11th Cir. 2002); Bilal v. Driver, 251 F.3d 1346,(11th Cir. 2001).  Additionally, §1915 requires dismissal when the legal theories advanced are "indisputably meritless," Nietzke at 327; when the claims rely on factual allegations which are "clearly baseless" Denton v. Hernandez, 504 U.S. 25, 32 (1992); when it appears that the plaintiff has little or no chance of success.  Bilal, at 1349; when the claims are based solely on conclusory allegations, unwarranted deductions or mere legal conclusions.  Wilson v. Henderson, 2005 WL 1677388 (M.D. Fla. 2005) (citations omitted).

In any §1983 action, the initial inquiry must focus on whether the two essential elements to a §1983 action are present:

> (1) whether the person engaged in the conduct
> complained of was acting under color of state
> law; and (2) whether the alleged conduct
> deprived a person of rights, privileges or
> immunities guaranteed under the Constitution
> or laws of the United States.  Parratt v.
> Taylor, 451 U.S. 527, 535 (1981), overruled on
> other grounds by, Daniels v. Williams, 474
> U.S. 327 (1986); Burch v. Apalachee Community
> Mental Health Services, Inc., 840 F.2d 797,
> 800 (11th Cir. 1988), aff'd by, Zinermon v.
> Burch, 494 U.S. 113 (1990).

Duke v. Massey, 87 F.3d 1226, 1231 (11th Cir.), reh'g and suggestion for reh'g en banc denied, 98 F.3d 1355 (11th Cir. 1996); Hale v. Tallapoosa County, 50 F.3d 1579, 1582 (11th Cir. 1995).  In addition, plaintiff must allege and establish an affirmative causal connection between the defendant's conduct and the constitutional deprivation. Marsh v. Butler County, Ala., 268 F.3d at 1059; Swint v. City of Wadley, Ala., 51 F.3d 988 (11th Cir. 1995); Tittle v. Jefferson County Comm'n, 10 F.3d 1535, 1541 n.1 (11th Cir. 1994).

**II.**

At the outset, it is not entirely clear whether Plaintiff wishes to pursue an action on behalf of himself and other FCCC residents who are similarly situated with regards to the general conditions to which Plaintiff claims constitutional violations, or whether Plaintiff is attempting to bring an Eighth Amendment claim relating to his particular medical condition and treatment. Additionally, the complaint fails to comply with pleading requirements of Rule 10, which requires that all averments of the

claim "shall be made in numbered paragraphs" and limited to "a statement of a single set of circumstances." Fed. R. Civ. P. 10(b).

With regard to Plaintiff's request to certify a class in this matter, such a decision is within the discretion of the Court. Moore v. American Fed'n of Television & Radio Artists, 216 F.3d 1236, 1241 (11th Cir. 2000), cert. denied, 533 U.S. 950 (2001). "The initial burden of proof to establish the propriety of class certification rests with the advocate of the class." Rutstein v. Avis Rent-A-Car Sys., Inc., 211 F.3d 1228, 1233 (11th Cir. 2000), cert. denied, 532 U.S. 919 (2001). As an initial matter, a prerequisite to class certification is that "it must be established that the proposed class representatives have standing to pursue the claims as to which classwide relief is sought." Wooden v. Board of Regents of Univ. Sys. of Ga., 247 F.3d 1262, 1287 (11th Cir. 2001). To obtain class certification, an party must satisfy all four of the threshold requirements set forth in Rule 23(a), Federal Rules of Civil Procedure, and then show that the action is maintainable under at least one of the three provisions of Rule 23(b). Amchem Prods., Inc. v. Windsor, 521 U.S. 591, 613-14 (1997); Turner v. Beneficial Corp., 242 F.3d 1023, 1025 (11th Cir. 2001) (en banc), cert. denied, 534 U.S. 820. The four threshold requirements are (1) numerosity: the class is so numerous that joinder of all members is impractical; (2) commonality: questions of law or fact are common to the class; (3) typicality: the representatives of the class present claims or defenses that are typical of the class; (4)

adequacy: the representatives of the class will fairly and adequately protect the interests of the class. Fed. R. Civ. P. 23(a); Turner, 242 F.3d at 1025 n.3; Pickett v. Iowa Beef Processors, 209 F.3d 1276, 1279 (11th Cir. 2000). Rule 23(b) requires a party to show that either (1) prosecution by separate actions would create a risk of inconsistent results; or (2) defendants have acted in ways generally applicable to the class, making declaratory or injunctive relief appropriate; or (3) common questions of law or fact predominate over individual issues. Moore, 216 F.3d at 1241. Plaintiff has not made the necessary showing required to obtain class certification. At a minimum, Plaintiff as a layman does not possess the legal training and expertise necessary to protect the interests of the class.

With respect to Plaintiff's attempt to articulate an Eighth Amendment claim, the complaint is fatally flawed. As previously noted, the complaint does not contain sequentially numbered paragraphs. Additionally, the complaint fails to allege an affirmative causal connection between either defendant Budz or Hadi's conduct and any the constitutional deprivation arising from the lack of medical care to Plaintiff. Moreover, Plaintiff seeks relief from a party who is not identified as a defendant in the complaint.

Consequently, the Court will dismiss Plaintiff's complaint without prejudice. Plaintiff, however, is permitted to file an amended complaint within twenty (20) days should Plaintiff wish to

pursue an action in connection with his claim for alleged medical indifference to his serious medical need.

ACCORDINGLY, it is hereby

**ORDERED:**

1.    Plaintiff's Complaint (Doc. #1) is **DISMISSED** without prejudice.

2.    Plaintiff may file an "Amended Complaint" within **TWENTY (20) DAYS** of this Opinion and Order.  If no Amended Complaint is filed, the Court will enter judgment and close the case without further notice.

**DONE AND ORDERED** in Fort Myers, Florida, on this   15th   day of November, 2006.

_John E. Steele_
JOHN E. STEELE
United States District Judge

SA:   hmk
Copies: All Parties of Record

-7-